Dear Representative Hill:
You have requested our formal legal opinion on the following questions:
 Is the legislation by an initiative petition process set out in RSMo., Sec. 78.200, applicable to a third class city operating under the city manager form of government?
 Is an ordinance to rezone certain property a proper subject of an initiative petition under RSMo., Sec. 78.200 et seq?
Our understanding of the facts prompting this opinion request is that certain of your constituents made application to the Planning and Zoning Commission of the City of Kirksville, Missouri, to have a particular tract of land rezoned. The recommendation of the Planning and Zoning Commission was to deny the request for rezoning. Thereafter, these constituents appealed the request for rezoning to the City Council of the City of Kirksville. The City Council also denied the request for rezoning. Thereafter, these constituents presented the City Council with a petition, the body of which is quoted below.[1]
The statute allowing the enactment of ordinances through the initiative process in third-class cities with a commission form of government, Section 78.200, RSMo 1978,[2] provides in part:
 Any proposed ordinance may be submitted to the council by petition signed by voters of the city equal in number to the percentage hereafter required. The signatures, verification, authentication, inspection, certification, amendment and submission of such petition shall be the same as provided for petitions under sections 78.260 to 78.290. If the petition accompanying the proposed ordinance be signed by voters equal in number to twenty-five percent of the votes cast for all candidates for mayor at the last preceding election, and contains a request that the said ordinance be submitted to a vote of the people if not passed by the council, such council shall either:
 (1) Pass said ordinance without alteration within twenty days after attachment of the clerk's certificate to the accompanying petition; or
 (2) Forthwith after the clerk shall attach to the petition accompanying such ordinance his certificate of sufficiency, the council shall submit the question without alteration to the vote of the voters. But if the petition is signed by not less than ten and less than twenty-five percent of the voters, as above defined, then the council shall within twenty days pass said ordinance without change, or submit the same at the next municipal election. [Emphasis added.]
Sections 78.260 to 78.290 authorize the filing of petitions to remove elected city officials.
At one time, Kirksville elected the alternate form of third-class city government (also known as the commission form), presently codified at Sections 78.010 to 78.410, RSMo 1978 and Supp. 1982, see Barnes v. City of Kirksville, 266 Mo. 270, 180 S.W. 545
(banc 1915), but evidently later opted for the city manager form of third-class government, Sections 78.430 to 78.640, RSMo 1978 and Supp. 1982. The law relating to such city manager government includes Section 78.440, which states in part:
 All laws governing any city under its former organization and not inconsistent with the provisions of sections 78.430 to 78.640 shall apply to and govern such city after it adopts the form of government herein provided, . . . .
Because Kirksville formerly had the commission form of government, under Section 78.440, the Section 78.200 petition procedure still applies, unless it is inconsistent with the city manager form of government.
Section 78.200 specifies the number of petition-signers to be equal to twenty-five percent of the votes cast for all candidates for mayor at the last election. See also Section78.200(2) (which specifies a procedure applicable if not less than ten and less than twenty-five percent of the voters, as above defined, sign the petition). The mayor of third-class cities under a city manager form of government is not elected by the voters. The mayor is a member of the city council who is elected to office by the members of the city council, and if the city council cannot agree on who will be mayor, the mayor is selected by lot. Section 78.560. In attempting to apply the Section 78.200 petition procedure to a city manager form of government, one is unable to compute the number of petition-signers that must sign the petition.
It is true that statutes that reserve the power of the initiative to the People are to be liberally construed. State exrel. Blackwell v. Travers, 600 S.W.2d 110, 113 (Mo.App. 1980). However, we cannot apply the Section 78.200 petition procedure to a third-class city manager form of government without legislating the formula that determines the necessary number of petition-signers. This office has no such power. Accordingly, we find the Section 78.200 petition procedure to be inconsistent with the city manager form of government for purposes of Section 78.440. The Section 78.200 petition procedure is not applicable to third class cities with a city manager form of government.
In view of our answer to your first question, we do not believe it is necessary to answer your second inquiry.
CONCLUSION
It is the opinion of this office that the initiative petition procedure applicable to the third-class city commission form of government, provided for in Section 78.200, RSMo 1978, is not applicable to the third-class city manager form of government.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] We, the undersigned voters of Kirksville, Missouri, request that the City Council pass the ordinance set out below, and further request that if said ordinance is not passed within the time set out by law, that said ordinance be submitted to a vote of the people of Kirksville, Missouri.
 AN ORDINANCE REZONING REAL ESTATE DESCRIBED HEREIN FROM DISTRICT R-3, MULTI-FAMILY RESIDENTIAL DISTRICT, TO C-2, GENERAL BUSINESS DISTRICT, AND CHANGING THE ZONING DISTRICT MAP ACCORDINGLY.
 BE IT ENACTED BY THE CITIZENS OF KIRKSVILLE, MISSOURI, AS FOLLOWS:
 That the real estate described as Lots 5, 6, 7, and 8, of Block 2, Linder's Second Addition to the City of Kirksville, commonly known as the Old High School is hereby rezoned from District R-3 to District C-2 under Section 25 of the Code of the City of Kirksville, Missouri, and that the "Zoning District Map" as set forth in said Section 25 of said Code be changed accordingly.
[2] All statutory references are to RSMo 1978, unless otherwise indicated.